# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

RODELYN LAMOUR,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-84

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodelyn Lamour ("Lamour"), who is currently housed at the Federal Correctional Institution ("FCC Yazoo Medium") in Yazoo City, Mississippi, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 8.) Lamour has not filed a Reply to Respondent's Response. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Lamour's Petition, **CLOSE** this case, and **DENY** Lamour *in forma pauperis* status on appeal.

## BACKGROUND

Lamour was convicted in the United States District Court for the Southern District of Florida for conspiracy to commit mail theft, possession of a United States Postal Service key, mail theft, use of an unauthorized access device, and aggravated identify theft. (Doc. 8-2.) On August 11, 2014, the district court sentenced him to an aggregate sentence of thirty-four months' imprisonment. (Id.) He is currently serving that sentence at FCC Yazoo Medium. The Bureau of Prisons ("BOP") currently projects that Lamour will be released on January 23, 2017 via good conduct time.

**DISCUSSION**

In this Petition, Lamour takes issue with discipline he received regarding an incident that occurred on April 8, 2015. (Doc. 8-1, pp. 6–7.) On that date, prison officials at FCC Yazoo Medium issued Lamour an Incident Report for possession of a hazardous tool. Id. Specifically, the correctional officer observed Lamour with a three-feet-long handmade rope and noose hanging from his neck and two more lengths of rope totaling approximately nine feet hanging from his waist. Id. Lamour had a hearing before a Discipline Hearing Officer ("the DHO") on April 20, 2015. (Id. at pp. 10–12.) Prior to the hearing, on April 9, 2015, Lamour received a document that detailed his rights regarding the disciplinary hearing including the right to advance written notice of the charges, the right to staff assistance, the right to call witnesses, the right to present a statement or remain silent, and the right to an appeal. (Id. at p. 13.) At the hearing, the DHO received evidence of the violation including the correctional officer's eyewitness statement, pictures of the rope, and Lamour's statement. (Id. at p. 11.) Lamour admitted that he possessed the rope. However, he stated that he only possessed the rope as part of a game of dominoes and the he did not intend to use the rope to harm himself or escape. Id.

Following the hearing, and before the DHO issued his final report, Gerald M. Johnson of the BOP reviewed the DHO's proposed report, and determined the disciplinary proceeding and the proposed sanction complied with the BOP's inmate discipline program. (Id. at p. 15.) The DHO found that Lamour committed the prohibited act as charged and sanctioned Lamour with a loss of forty-one days of good conduct time, sixty days of disciplinary segregation (which was suspended for ninety months of good conduct), two months loss of commissary, and two months loss of phone privileges. (Id. at pp. 10–12.) Lamour received a copy of the DHO Report on April 23, 2015. Id. The DHO Report states, among other things, "The inmate has been advised

2

of his right to appeal this action within 30 calendar days under the Administrative Remedy Procedure." (Id. at p. 12.) On May 28, 2015, Lamour exercised that right of appeal, and the BOP's Regional Administrator subsequently denied his appeal. (Id. at pp. 17–19.) That denial notified Lamour of his right to a second appeal to the BOP's Office of General Counsel. (Id. at p. 19.) It is not clear if Lamour exercised his right to that second level appeal.

In his Petition, Lamour generally alleges that his due process rights were violated through the disciplinary hearing. (Doc. 1.) However, in support of that general contention, he only specifically argues that the DHO did not have authority to sanction him because the DHO is a "private person" and is not an officer or employee of the BOP. (Id. at pp. 4–6.) On October 2, 2015, Respondent filed his response to Lamour's Petition. (Doc. 8.) He states that the BOP has not improperly delegated its decision making authority to the DHO. (Id. at pp. 3–4.) Additionally, he states that Lamour was afforded all appropriate procedural protections and that the DHO's decision was supported by sufficient evidence. (Id. at pp. 4–7.)

**I.      Whether the DHO was Authorized to Impose Sanctions**

To determine whether the DHO was authorized to impose sanctions against Lamour, the Court must look to the applicable statutes and regulations. The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, 'no federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined

3

>   therein.'. . . . 18 U.S.C. § 4001(b)(1), [provides] that '[t]he control and management of Federal penal and correctional institutions . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a [f]ederal prison."

United States v. Cardona, 266 F. Supp. 2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

It appears that the BOP has no direct or constructive control over managerial functions at FCC Yazoo Medium, and the Court agrees that FCC Yazoo Medium is not a "federal" prison. However, it must be determined whether staff at FCC Yazoo Medium, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. "It is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" R. & R., Caraballo-Rodriguez v. Pugh, 3:04-cv-81 (S.D. Ga. Mar. 23, 2005) (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)), ECF No. 12.

Here, the BOP is charged with making a final determination as to whether disciplinary proceedings are proper. "Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to FCC Yazoo Medium Correctional Facility." Bosfield v. Samuels, No. 5:15-CV-1, 2015 WL 10319292, at *4 (S.D. Ga. Sept. 17, 2015), report and recommendation adopted, No. 5:15-CV-1, 2016 WL 680819 (S.D. Ga. Feb. 18, 2016) (citing 28 C.F.R. § 541 (federal regulations pertaining to inmate discipline); and Program Statement 5720.09). In fact, the DHO submitted his findings and recommended sanctions to a DHO Oversight Specialist with the BOP's Privatization

Management Branch for review. (Doc. 8-1, p. 15.) Gerald Johnson informed the DHO that the DHO report was reviewed and found to be in compliance with due process requirements, and that the recommended sanctions were in accord with Program Statement 5270.09. Id. Moreover, Lamour appealed the DHO's decision to the BOP's Regional Administrator and had the option for a further appeal to the Bureau's Office of General Counsel. (Id. at pp. 17–19.)

In sum, because the BOP retained final decision-making authority, Lamour's arguments that the DHO imposed unauthorized sanctions should be rejected. Consequently, the Court should **DISMISS** his Petition.[1]

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Lamour leave to appeal *in forma pauperis*. Though Lamour has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[1] Lamour does not make any other arguments in support of his Petition. Nonetheless, as the Respondent points out in his response, the record reveals that the DHO afforded Lamour all procedural protections. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974)) (due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact.). Moreover, sufficient evidence supports the DHO's decision. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985).

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Lamour's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Lamour's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Lamour leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Lamour and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA